UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AHIB PAUL,                           :

               Plaintiff,       :       07 Civ. 9462 (CM)(HBP)

   -against-                        :       OPINION
                                             AND ORDER
ROBERT ERCOLE.                       :

               Defendant.       :
------------------------------------X

        PITMAN, United States Magistrate Judge:

        By motion dated January 3, 2008, (Docket Item 5), petitioner in this section 2254 proceeding seeks to have counsel appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  For the reasons set forth below, the motion is denied without prejudice to renewal.

        It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such proceedings is a matter of discretion.  <u>Wright v. West</u>, 505 U.S. 277, 293 (1992); <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555-59 (1987); <u>Heath v. United States Parole Comm'n</u>, 788 F.2d 85, 88 (2d Cir. 1986); <u>Moolenaar v. Mantella</u>, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001).  Accordingly, petitioner's application should be analyzed in the same manner as any other application for counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.")(internal quotation marks omitted).

I am willing to assume that petitioner lacks the resources to retain counsel because he is incarcerated and claims to come from a poor background. I am also willing to assume that he sufficiently needs an attorney because he reports to have difficulty understanding written material. However, petitioner's

2

application establishes none of the other elements relevant to an application for counsel.

In response to the question on the form motion for counsel that asks petitioner to explain what steps he has taken to find an attorney and what the results were, petitioner wrote, "Applican[t] has not had a chance to locate an attorney." Petitioner does not explain why, how or if he has been prevented from sending letters to lawyer and prisoners' rights organizations seeking representation. Petitioner's response indicates, rather, that he has not made efforts to obtain counsel.

In addition, it does not appear that petitioner has any meritorious claims. Petitioner was convicted of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the second degree. The evidence at trial showed that petitioner shot Derrick Thompson after a physical altercation. Two eyewitnesses apparently saw petitioner shoot Thompson. After being shot, a mortally wounded Thompson told one of the witnesses to the shooting and a third witness that petitioner was the person who had shot him. Finally, in statements to the police and the District Attorney's office, petitioner placed himself at the scene of the crime by stating that he was wrestling with Thompson when Thompson accidently shot himself with his own gun.

3

Although the petition is inartfully drafted, petitioner appears to be asserting six claims: (1) admission of the victim's dying declaration violates the Confrontation Clause of the Constitution; (2) his sentence of twenty years to life imprisonment is excessive; (3) his sentence for third-degree criminal possession of a weapon is illegal; (4) the imposition of a DNA databank fee violates the ex post facto clause; (5) the Appellate Division abused its discretion under its interest-of-justice jurisdiction and (6) petitioner received ineffective assistance of appellate counsel.

The claim concerning the admission of Thompson's dying declarations appears to be barred from habeas review because trial counsel did not object contemporaneously to that testimony. On petitioner's direct appeal, the Appellate Division rejected that claim as unpreserved, apparently due to counsel's failure to object. People v. Paul, 25 A.D.3d 165, 169, 803 N.Y.S.2d 66, 69 (1st Dep't 2005). New York's contemporaneous objection rule has routinely been upheld as an adequate and independent state procedural bar sufficient to preclude federal review. See Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules." (citation omitted)); Vargas v. Keane, 86 F.3d 1273, 1280 (2d Cir. 1996) (Procedural default resulting from trial counsel's failure to object to prosecutor's remarks is an

4

independent and adequate state law ground for rejection of a habeas claim.); Watkins v. Perez, 05 Civ. 477 (GEL), 2007 WL 1344163 at *16 (S.D.N.Y. May 7, 2007) ("[I]f petitioner did not adequately challenge the prosecutor's questions at trial, then this Court is precluded from reviewing petitioner's claim."). Furthermore, even if a habeas court were to reach the merits of petitioner's Confrontation Clause claim, the claim would likely fail. As explained in Beverly v. Buss, 3:07 Civ. 135, 2007 WL 1662771 at *4 (N.D. Ind. June 4, 2007), there is no clearly established precedent of the Supreme Court addressing whether the dying-declaration exception to the hearsay rule violates the Confrontation Clause, and, therefore, petitioner's claim could not meet the standard for relief under 28 U.S.C. § 2254(d)(1):

> Because the United States Supreme [C]ourt [in Crawford v. Washington, 541 U.S. 36, 56 n.6 (2004)] explicitly declined to decide whether the admission of dying declarations violated the Sixth Amendment, there was no clearly established United State Supreme Court law on this question. Indeed, the [C]ourt intimated that such an exception could well exist when it cited authority in support of the exception. In light of Crawford, this Court cannot say that the [s]tate [court's decision rejecting petitioner's Confrontation Clause claim] unreasonably applied clearly established Federal law.

Petitioner's excessive sentencing claim also lacks merit because his sentence, twenty years to life imprisonment, for a murder conviction is not unconstitutional. Though the Constitution may prohibit prison sentences that are grossly disproportionate to the crime committed, see Solem v. Helm, 463

U.S. 277, 284 (1983); Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991), a sentence of twenty years to life is not disproportionate to the crime of murder -- where petitioner was found to have unjustifiably taken the life of another.

The claims that the sentence for third-degree criminal possession of a weapon is illegal and that the imposition of a DNA databank fee violates the ex post facto clause are likely moot because petitioner had already been granted relief on these claims by the time he filed his petition. The Appellate Division vacated petitioner's sentence of three and one-half to seven years that the trial court imposed for the third-degree criminal possession of a weapon conviction and replaced it with a determinate sentence of three and one half years. People v. Paul, supra, 25 A.D.3d at 171, 803 N.Y.S.2d at 71. The Appellate Division also vacated the DNA databank fee; thus petitioner has already been granted relief on that claim as well. People v. Paul, supra, 25 A.D.3d at 171, 803 N.Y.S.2d at 71.

Petitioner's claim that the Appellate Division abused its discretion under its interest-of-justice jurisdiction arises out of New York statutory law, see New York Criminal Procedure Law § 470.15 (McKinney 1994); Gayle v. LaFevre, 613 F.2d 21, 22 n.3 (2d Cir. 1980) ("Under section 470.15(3) of the New York Criminal Procedure Law, the state intermediate appellate court may reverse or modify a judgment as a matter of discretion in the

6

interest of justice . . . . Such discretionary determinations are apparently not dictated by constitutional considerations, but rather constitute exercises of the appellate court's supervisory powers.)  Hence, petitioner is apparently asserting a state-law claim, which is not cognizable on habeas review.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.")  It is also difficult to understand what relief petitioner seeks from this court with respect to this claim.

Finally, petitioner claims that his appellate counsel was ineffective for failing to raise a claim that trial counsel was ineffective for not objecting to the admission of Thompson's dying declaration on the ground that it violated the Confrontation Clause.

There is little likelihood of petitioner being able to meet the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).  In order to succeed on a claim of ineffective assistance, a habeas petitioner must demonstrate, among other things, that but for trial counsel's errors, there is a "reasonable probability" that the result of the trial would have been different.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, supra, 466 U.S. at 694.

7

In his direct appeal, the Appellate Division addressed petitioner's claim concerning the introduction of Thompson's dying declaration and concluded that, for several reasons, that testimony did not violate the Confrontation Clause. People v. Paul, supra, 25 A.D.3d at 168-71, 803 N.Y.S.2d at 69-71. Petitioner than raised his claim of ineffective assistance of appellate counsel before the Appellate Division by way of motion for a writ of error coram nobis. The Appellate Division denied that motion. In light of the Appellate Division's conclusions concerning the admissibility of the testimony, as well as its denial of his claim concerning appellate counsel's performance, it is difficult to see how petitioner could have been prejudiced by not raising an ineffective assistance of trial counsel claim. The two opinions of the Appellate Division indicate (1) that, even if trial counsel had objected to the testimony on Confrontation Clause grounds, the trial court would still have admitted the evidence and (2) that even if appellate counsel had raised a claim of ineffective assistance of trial counsel, the state court would have denied that claim.

Accordingly, petitioner has failed to show that his petition is sufficiently meritorious to warrant the appointment of counsel pursuant to the Criminal Justice Act and his motion for counsel is, therefore, denied without prejudice to renewal.

Any renewed application should be accompanied by an affidavit establishing the merits.

Dated: New York, New York
       August 18, 2008

                                          SO ORDERED

                                          HENRY PITMAN
                                          United States Magistrate Judge

Copies mailed to:

Mr. Ahib Paul
03-A-5192
Green Haven Correctional Facility
Stormville, New York 12582

Joshua F. Magri, Esq.
Bronx District Attorney Office
198 East 161st Street
Bronx, New York 10451